**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4621

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

GARFIELD ANTHONY ANDERSON, a/k/a James McDonald,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Fox, Senior District Judge. (CR-02-70)

Submitted: February 28, 2005          Decided: March 31, 2005

Before MICHAEL and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, James E. Todd, Jr., Research and Writing Specialist, Raleigh, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Garfield Anthony Anderson pled guilty, without a plea agreement, to illegal reentry after deportation in violation of 8 U.S.C. § 1326 (a), (b)(2) (2000). Anderson was sentenced to ninety-six months' imprisonment to be followed by three years of supervised release. The district court also specified an identical alternative sentence of ninety-six months followed by three years supervised release, pursuant to this court's recommendation in United States v. Hammoud, 378 F.3d 426 (4th Cir. 2004) (order), opinion issued by 381 F.3d 316, 353-54 (4th Cir. 2004) (en banc), cert. granted and judgment vacated, 125 S. Ct. 1051 (2005).

Anderson appealed, challenging the constitutionality of the federal sentencing scheme in light of the Supreme Court's decision in Blakely v. Washington, 124 S. Ct. 2531 (2004). The case was held in abeyance pending decision in United States v. Booker, 125 S. Ct. 738 (2005). That opinion has now issued and applies the Court's reasoning in Blakely to the federal sentencing guidelines.

We conclude that because the alternative sentence the district court pronounced in case the federal sentencing guidelines were invalidated was identical to the mandatory sentence imposed under the federal sentencing guidelines as they existed at that time, any error resulting from the sentence imposed by the district court was harmless. Accordingly, we affirm Anderson's sentence.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED