NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0312n.06
Filed: April 25, 2005

No. 04-4158

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

THOMAS STRBAC,

    Defendant-Appellant.

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE NORTHERN
DISTRICT OF OHIO

_____/

Before:     MARTIN, COOK and LAY, Circuit Judges.[*]

BOYCE F. MARTIN, JR., Circuit Judge. Thomas Strbac seeks remand for resentencing because the district court was allegedly unaware of its authority to depart downward pursuant to section 5K2.0 of the United States Sentencing Guidelines and because of the Supreme Court's recent decision in *United States v. Booker*, 125 S. Ct. 738 (2005). For the reasons that follow, we **AFFIRM**.

I.

In 1996, Strbac's son, Mark Strbac, was indicted for murder in Ohio state court. Strbac assisted his son in avoiding prosecution by paying $3,000 for a fraudulent passport for him to use to flee the United States. After Mark Strbac was captured and returned to Ohio, Strbac had a change

_____

[*]The Honorable Donald P. Lay, United States Circuit Judge for the Eighth Circuit, sitting by designation.

of heart and cooperated with the prosecuting authorities. Because the murder case ended with a guilty plea, however, Strbac never had to testify against his son.

Subsequently, Strbac was prosecuted in state and federal court for his role in helping his son evade justice. He pleaded guilty to state charges of obstruction of justice and served a four-month jail sentence. He also pleaded guilty in the instant federal case. The plea agreement permitted Strbac to seek a downward departure under section 5K2.0 of the Guidelines, which the district court ultimately denied.[1]

The district court, recognizing the potential impact of *Blakely v. Washington*, 124 S. Ct. 2531 (2004), issued alternative sentences in this case, one under a mandatory Guidelines regime and the other under what the district court called "the old form of sentencing." Under each regime, the court imposed a sentence of sixteen months of imprisonment, two years of supervised release and a special assessment.

In calculating the Guidelines sentence, the district court set Strbac's base offense level at twelve, but applied a three-level specific offense characteristic enhancement under section 2J1.2(b)(2) for substantial interference with the administration of justice. After a two-level reduction was applied for acceptance of responsibility, Strbac's total adjusted offense level was thirteen. His criminal history category was I. Therefore, the district court determined that the appropriate Guidelines range was twelve to eighteen months of imprisonment. The district court imposed a sentence of sixteen months, but gave Strbac four months credit for time served in

---

[1]Section 5K2.0 authorizes a downward departure if the court finds a mitigating factor "of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines."

connection with the state charge. A two-year period of supervised release, along with the mandatory special assessment, were also imposed.

The district court then proceeded to calculate the alternative sentence under the "old form of sentencing" and imposed the identical sentence of sixteen months of imprisonment (again with four months credit for time served), two years of supervised release and a special assessment. This timely appeal followed.

## II.

Strbac first urges us to vacate his sentence and remand for resentencing because, in his view, "the record of the sentencing court below is unclear about whether the District Court Judge understood her ability to hear and determine a downward departure [under section 5K2.0] based upon these extraordinarily unusual claim [sic] of events." Strbac Br. at 10-11. This argument is unpersuasive because the district court's denial of Strbac's motion for a downward departure is unreviewable on appeal. "[T]his Court has consistently held that the decision by a district court not to depart downwards from the Guidelines is not reviewable on appeal unless the record reflects that the district court was not aware of or did not understand its discretion to make such a departure." *United States v. Stewart*, 306 F.3d 295, 329 (6th Cir. 2002) (citations and internal quotation marks omitted). "A district court judge has no duty to state affirmatively that he knows he possesses the power to make a downward departure, but declines to do so." *Id.* at 330 (citation and internal quotation marks omitted).

There is no indication in the record that the district court was unaware of, or did not understand, its discretion to grant a downward departure pursuant to section 5K2.0 of the

Guidelines. In fact, the record illustrates just the opposite. First, at a change-of-plea hearing, the district court instructed Strbac that the plea agreement permitted him to seek a downward departure. Second, an addendum to the presentence report indicates that Strbac "will be filing for a downward departure based upon Guideline § 5K2.0." Third, Strbac filed a sentencing memorandum indicating his desire to seek a downward departure under section 5K2.0. Fourth, during the sentencing hearing, the district court indicated that it was familiar with the presentence report and with Strbac's sentencing memorandum, specifically mentioning Strbac's request for a "5K2 departure." The district court permitted defense counsel to "argue your downward departure." Counsel began his remarks by stating that "the reason that we're arguing this, Judge, I think it's an extraordinary and unusual situation, what occurred here with Mr. Tom Strbac, under 5K2.0, to allow us this consideration" and proceeded to explain the basis for the motion. The United States opposed the downward departure. The district court concluded that "[t]his is not an appropriate case in my judgment for a downward departure," because "believing that one's son is innocent and carrying that belief forward until confronted with information that challenges that belief is not, in itself, something which would qualify for this extraordinary departure."

Under these circumstances, it cannot be said that the district court was unaware of, or did not understand, its authority to issue a downward departure pursuant to section 5K2.0. Therefore, we are unable to review the district court's denial of the downward departure motion.

III.

Strbac also requests that his sentence be vacated and that the case be remanded for resentencing under *Booker*. Strbac concedes that plain-error review applies. The United States

argues that because the district court imposed identical alternative sentences, there is no reason to remand this case for resentencing.

The United States's argument is persuasive, and we reject Strbac's *Booker* arguments in light of the district court's imposition of identical alternative sentences. First, even if the three-level enhancement that the district court imposed under the mandatory Guidelines were deemed a Sixth Amendment violation, the fact that the district court would have imposed—and did, in fact, impose—the same enhancement under a regime in which the Guidelines were not mandatory makes that violation a harmless error.

Second, to the extent that Strbac argues that the district court committed plain error by sentencing him under a mandatory Guidelines regime, his argument is unpersuasive. The fact that the district court also imposed an identical sentence under a regime in which the Guidelines were not mandatory seems to be precisely the type of "clear and specific evidence," *United States v. Barnett*, 398 F.3d 516, 529 (6th Cir. 2005), that is needed to rebut the presumption of prejudice that this Circuit affords defendants like Strbac under post-*Booker* plain-error review, *see id.* at 526-29. Declining to remand this case for resentencing is consistent with the Fourth Circuit's recent opinion in *United States v. Anderson*, No. 04-4621, 2005 WL 735587 (4th Cir. Mar. 31, 2005) (unpublished), where the court considered the effect of a district court's imposition of identical alternative sentences. In *Anderson*, the Fourth Circuit refused to remand for resentencing, holding that "because the alternative sentence the district court pronounced in case the federal sentencing guidelines were invalidated was identical to the mandatory sentence imposed under the federal

sentencing guidelines as they existed at that time, any error resulting from the sentence imposed by the district court was harmless." *Id.* at *1.

IV.

Because we conclude that resentencing is not required in this case, we review Strbac's sentence for reasonableness under *Booker*. As discussed above, the Supreme Court has instructed that in the post-*Booker* world, "[t]he district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing" and "[t]he courts of appeals review sentencing decisions for unreasonableness." 125 S. Ct. at 767. The reasonableness of a sentence, according to the Court, should be determined by consulting the factors listed in 18 U.S.C. § 3553(a). *Id.* Those factors include the nature and circumstances of the offense and the history and characteristics of the defendant, as well as the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and provide the defendant with needed training and medical care. *See* 18 U.S.C. § 3553(a).

We are convinced that the district court's sentence in the present case is reasonable. The district court properly consulted the Guidelines, appropriately applied a three-level enhancement pursuant to section 2J1.2(b)(2) and explained its reasons for doing so, and imposed a sentence within the applicable Guidelines range. Additionally, the district court expressly considered factors such as "the nature and circumstances of [the] offense and [Strbac's] own history and . . . characteristics," as well as "disparities in sentences," the "need to provide just punishment" and the need to "protect

the public from further crimes"—all of which are listed in section 3553(a).  Accordingly, Strbac's

sentence is affirmed as reasonable.

V.

In summary, we find resentencing unnecessary in the present case and **AFFIRM** Strbac's

sentence as reasonable under *Booker*.