

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-14-2005

# USA v. Hill

Precedential or Non-Precedential: Precedential

Docket No. 04-3904

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Hill" (2005). *2005 Decisions.* Paper 918.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/918

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO. 04-3904
_____

UNITED STATES OF AMERICA

v.

JAHEED HILL

<u>Appellant</u>

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 03-cr-00543)
District Judge: Honorable Mary Little Cooper

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
and Third Circuit I.O.P. 10.6
April 7, 2005

BEFORE: RENDELL, FISHER and VAN ANTWERPEN,
<u>Circuit Judges</u>

(Filed: June 14, 2005)

Lisa Van Hoeck, Esq.
Assistant Federal Public Defender
22 South Clinton Avenue
Station Plaza #4, Fourth Floor
Trenton, New Jersey 08609
*Counsel for Appellant Jaheed Hill*

George S. Leone, Esq.
Office of United States Attorney
970 Broad Street
Room 700
Newark, NJ 07102

Glenn J. Moramarco, Esq.
Assistant U.S. Attorney
Camden Federal Bldg. & Courthouse
401 Market Street, Fourth Floor
Camden, New Jersey 08101
*Counsel for Appellee United States of America*

_____

OPINION OF THE COURT
_____

VAN ANTWERPEN, <u>Circuit Judge</u>

Jaheed Hill ("Appellant") was sentenced to a term of imprisonment of 90 months and three years supervised release by the United States District Court for the District of New Jersey after pleading guilty to one count of unlawful

2

possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) & (2).  He appealed this sentence, arguing that in light of Blakely v. Washington, 542 U.S. ___, 124 S.Ct. 2531 (2004), his sentence must be vacated and the matter remanded for re-sentencing.  Following the release of the Supreme Court's decision in United States v. Booker, 543 U.S. ___, 125 S.Ct. 738 (2005), Appellant also filed a Motion for Summary Action pursuant to Third Circuit Internal Operating Procedure 10.6, requesting summary remand.  We now affirm the sentence of the District Court and deny Appellant's summary remand motion.

At his sentencing hearing, Appellant urged the District Court to hold the Sentencing Guidelines unconstitutional pursuant to the Supreme Court's holding in Blakely.  The District Court stated it would await further developments before holding that the Guidelines unconstitutional, choosing instead to apply the Guidelines to Appellant's sentence.[1]  However, the District Court also issued an alternative

---

[1] Appellant's sentence was based solely on his criminal history and the factual stipulations contained in his plea agreement. His enhanced sentence therefore implicates no Sixth Amendment violation.  See United States v. Ordaz, 398 F.3d 236, 240 (3d Cir. 2005) (rejecting the argument that the facts of prior convictions should have been submitted to a jury); see also Booker 125 S.Ct. at 756 ("Any fact . . . necessary to support a sentence exceeding the maximum authorized by the facts . . . must be admitted by the defendant or proved to a jury beyond a reasonable doubt").

3

sentence per our instructions in United States v. Dickerson, 381 F.3d 251, 260 n.9 (3d Cir. 2004). Specifically, the District Court stated:

> In rendering this sentence I will, of course, follow the suggestion of various cases since Blakely, and I will base my sentence, whatever it turns out to be, I'll base it, alternatively, on an indeterminate sentencing scheme.

It is clear that the District Court believed Appellant's sentence was justified both, and alternatively, by the Sentencing Guidelines and under an indeterminate sentencing scheme. Although in United States v. Davis we expressed no view on the impact of alternative sentences, 407 F.3d 162, 166 (3d Cir. 2005), we now join several of our sister circuits and conclude that where, as here, a District Court clearly indicates that an alternative sentence would be identical to the sentence imposed under the Guidelines, any error that may attach to a defendant's sentence under Booker is harmless. See United States v. Antonakopoulos, 399 F.3d 68, 81 (1st Cir. 2005); see also United States v. Thompson, 403 F.3d 533, 535 (6th Cir. 2005); United States v. Palladino, 401 F.3d 471, 482 (7th Cir. 2005); United State v. Marcussen, 403 F.3d 982, 985 (8th Cir. 2005).[2] We therefore deny Appellant's motion,

---

[2] We also note that our position is in accord with the view of the Fourth Circuit, which has been expressed in a series of unpublished opinions. See United States v. Shabazz, 127 Fed.Appx. 662 (4th Cir. 2005); see also United States v.

4

and since Appellant has not raised any issues on appeal other than those we have discussed, we will affirm the sentence of the District Court.

_____

TO THE CLERK:

Please file the foregoing opinion.

Martinez, 127 Fed.Appx. 107 (4th Cir. 2005); United States v. Washington, 124 Fed.Appx. 809 (4th Cir. 2005); United States v. Anderson,  124 Fed.Appx. 211 (4th Cir. 2005).