NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0624n.06
Filed: July 26, 2005

No. 04-6093

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| PATRICIA LYNN LEPIRD, | ) | WESTERN DISTRICT OF KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | |

Before: GIBBONS and COOK, Circuit Judges; PHILLIPS, District Judge.[*]

PER CURIAM. Defendant-Appellant Patricia Lynn Lepird pleaded guilty below to bank fraud causing a loss exceeding $100,000. She appeals her sentence, arguing that it violated the Sixth Amendment and that the district court improperly denied her an aberrant-behavior downward departure. For the following reasons, we affirm the district court.

I

In November 2001, Lepird received an e-mail ostensibly from two individuals in Nigeria. They claimed to be having trouble getting valuables out of the country, and proposed that Mrs.

---

[*]The Honorable Thomas W. Phillips, United States District Judge for the Eastern District of Tennessee, sitting by designation.

Lepird, in exchange for a fee, receive a "box" to be sent through a surety company. Rather than a box, however, she received a Fed Ex envelope from Nigeria containing a check for $125,000. The two individuals proposed that Lepird receive ten percent of the check's amount as her fee and send back the remainder. Lepird deposited the check in her bank account, waited until her bank's hold period had passed, and spent at least $115,000 of the money. The bank then discovered the check was counterfeit.

For her role in this scheme, Lepird pleaded guilty to bank fraud causing a loss exceeding $100,000. The district court enhanced her sentence based on its finding that she caused a loss exceeding $120,000, and denied an aberrant-behavior downward departure under section 5K2.20 of the United States Sentencing Guidelines. The court noted that it would impose the same sentence even if the Guidelines were declared unconstitutional in light of *Blakely v. Washington*, 124 S.Ct. 2531 (2004).

II

Lepird first asks us to vacate her sentence because its enhancement for causing a loss exceeding $120,000 violated the Sixth Amendment in light of *United States v. Booker*, 125 S.Ct. 738 (2005). We agree that the district court violated the Sixth Amendment by enhancing Lepird's sentence based upon a factual finding to which Lepird did not admit. *See Booker*, 125 S.Ct. at 756. This error was harmless, however, because the court indicated it would impose the same sentence even if the Guidelines were declared unconstitutional. And though the court said nothing about what

it would do under an advisory Guidelines regime, as *Booker* established, the record makes clear that the court considered the Guidelines and imposed a reasonable sentence.[1] *Booker* reversal is therefore inappropriate. *See id.* at 767, 769; *United States v. Strbac*, 129 Fed. Appx. 235, 237-38 (6th Cir. 2005).

---

[1]The district court's refusal to depart downward for "aberrant behavior" does not render the sentence unreasonable. As the district court noted, Lepird committed multiple acts in depositing a counterfeit check and making multiple withdrawals from her account over a forty-five day period. Consistent with the advisory Guidelines manual, § 5K2.20(b), and the Guidelines commentary of § 5K2.20, application note 2, such repetitive acts involving significant planning do not constitute aberrant behavior.