NOT RECOMMENDED FOR PUBLICATION
File Name: 05a0844n.06
Filed: October 13, 2005
File Name: 05a0844n.06
Filed: October 13, 2005

No. 04-2391

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | **ON APPEAL** FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| Craig Earl Cronk, | ) | WESTERN DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

**BEFORE:** **MERRITT, MOORE, and SUTTON, Circuit Judges.**

**MERRITT, Circuit Judge.** Defendant Craig Earl Cronk appeals his sentence for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Specifically, the defendant argues on appeal that the district court's sentencing determination was erroneous in light of the Supreme Court's decision in *United States v. Booker*, __ U.S. __, 125 S. Ct. 738 (2005). For the reasons discussed below, we affirm the sentence of the district court.

**I. BACKGROUND**

On July 22, 2004, defendant Craig Earl Cronk pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The district court adopted the presentence report's recommendation and assigned the defendant a base offense level of 20 pursuant to U.S.S.G. §

2K2.1(a)(4)(A), as the defendant committed the instant offense subsequent to sustaining a felony conviction of a controlled substance offense. The defendant was previously convicted of maintaining a methamphetamine laboratory on June 10, 2002. The district court then decreased the base offense level by 2 pursuant to U.S.S.G. § 3E1.1(a) for acceptance of responsibility and granted the government's motion for an additional one level reduction pursuant to U.S.S.G. § 3E1.1(b), arriving at a total offense level of 17. Given the defendant's criminal history category of VI and a total offense level of 17, the federal sentencing guidelines called for a sentence of between 51 and 63 months of imprisonment. The district court sentenced the defendant to 60 months of imprisonment. The district court also imposed an alternative sentence of 60 months of imprisonment.[1] The defendant then filed this timely appeal.

## II. DISCUSSION

### A.

The defendant appeals from his sentence, arguing that the district court imposed his sentence under the erroneous belief that the federal sentencing guidelines were mandatory, in violation of *United States v. Booker*, __ U.S. __, 125 S. Ct. 738 (2005). The Supreme Court in *Booker* concluded that the Sixth Amendment as construed in *Blakely v. Washington*, 542 U.S. 296 (2004),

---

[1]The district court stated:

> As an alternative sentence, in the event that the guidelines are declared to be advisory by the United States Supreme Court, the Court imposes the same sentence, the Court finding no reason to suggest that the guideline sentence is not an appropriate sentence whether they're mandatory or advisory.

does apply to sentencing pursuant to the federal sentencing guidelines. Thus, *Booker* made applicable to the federal sentencing guidelines the Supreme Court's past holding that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt" or else the Sixth Amendment is violated. *Booker*, __ U.S. at __, 125 S. Ct. at 756. In *Booker*, the Court also expressly severed and excised 18 U.S.C. § 3553(b)(1), which had required sentencing courts to impose a sentence within the applicable sentencing guidelines range, subject to departures in certain limited cases. *Id.* at 765. Consequently, under *Booker*, the federal sentencing guidelines are now advisory in all cases, including those that do not involve a Sixth Amendment violation. *Id.* at 757. In so holding, the Court expressly stated that its "remedial interpretation of the Sentencing Act" must be applied "to all cases on direct review." *Id.* at 769. In *Booker*, the Court made it clear that its remedial scheme should apply not only to those defendants whose sentences had been imposed in violation of the Sixth Amendment, but also to those defendants who had been sentenced under the mandatory guidelines without suffering a Sixth Amendment violation. *United States v. Barnett*, 398 F.3d 516, 524 (6th Cir. 2005) (citing *Booker*, __ U.S. at __, 125 S. Ct. at 765). Because this case was pending on direct review when *Booker* was decided, the holdings of *Booker* are applicable in the case at bar.

In light of the Supreme Court's decision in *Booker*, there was no Sixth Amendment violation in the present case. *Booker* made clear that a Sixth Amendment violation occurs when a district court issues "a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict" based upon any fact (other than a prior conviction) not "admitted by the

-3-

defendant or proved to a jury beyond a reasonable doubt." *Booker*, __ U.S. at __, 125 S. Ct. at 756. Here, the district court did not impose sentencing enhancements to increase the defendant's offense level. Although the district court calculated the defendant's criminal history category based on his prior convictions, which increased the applicable sentencing range, existing case law establishes that *Apprendi v. New Jersey*, 530 U.S. 466 (2000), does not require the fact and nature of prior convictions to be determined by a jury. *See Barnett*, 398 F.3d at 524-25. Because the district court did not rely on judge-found facts to enhance the defendant's sentence beyond the base offense level, the defendant's Sixth Amendment rights were not violated in this case. We must still decide, however, whether the Supreme Court's remedial scheme requires remand here. *Booker*, __ U.S. at __, 125 S. Ct. at 769; *Barnett*, 398 F.3d at 524.

As the defendant failed to raise a Sixth Amendment challenge to his sentence before the district court, appellate review is for plain error. Before an appellate court can correct an error not raised in the district court, there must be "(1) 'error,' (2) that is 'plain,' and (3) that 'affect[s] substantial rights.'" If all three conditions are met, the appellate court may exercise its discretion to correct the forfeited error, but only if "(4) the error 'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.'" *Johnson v. United States*, 520 U.S. 461, 466-67 (1997); *see United States v. Koeberlein*, 161 F.3d 946, 949 (6th Cir. 1998).

In interpreting *Booker*, this Court has held that it is plain error for a defendant to be sentenced under a mandatory sentencing guidelines regime that has since become advisory. *Barnett*, 398 F.3d at 526. We also now presume that the defendant's substantial rights were affected when a district court sentenced a defendant under the erroneous belief that the federal sentencing

guidelines were mandatory. *Id.* at 529. We made it clear in *United States v. Barnett*, however, that this presumption of prejudice could be rebutted in those rare cases where "the trial record contains clear and specific evidence that the district court would not have, in any event, sentenced the defendant to a lower sentence under an advisory Guidelines regime." *Id.*

In *United States v. Chandler*, the district court imposed the defendant's sentence under the erroneous belief that the sentencing guidelines were mandatory, and this Court affirmed that we presume prejudice when a defendant was sentenced under mandatory, rather than advisory, guidelines. 419 F.3d 484, 486 (6th Cir. 2005). The *Chandler* court, however, found that the defendant's substantial rights were not affected because the district court not only determined the defendant's sentence pursuant to the guidelines, but also announced an identical alternative sentence treating the guidelines as advisory. *Id.* Accordingly, the *Chandler* court held that the defendant's sentence did not violate the Sixth Amendment. *Id.*

Similarly, in this case, the district court determined the defendant's sentence pursuant to the federal sentencing guidelines and imposed an identical alternative sentence in anticipation of the guidelines being advisory only. The district court's imposition of an identical alternative sentence is clear and specific evidence that the district court would not have sentenced the defendant to a lower sentence under an advisory guidelines regime. *See United States v. Strbac*, 129 Fed. Appx. 235, 238 (6th Cir. 2005) (unpublished) (noting that the fact that the district court imposed an identical alternative sentence treating the guidelines as advisory "seems to be precisely the type of 'clear and specific evidence' that is needed to rebut the presumption of prejudice"). Thus, we hold that the defendant's substantial rights were not affected by the district court's use of the mandatory

federal sentencing guidelines and hence the district court did not violate the plain error standard when it made its sentencing determination.

**B.**

Having concluded that the district court's erroneous belief that the federal sentencing guidelines were mandatory did not constitute plain error under the circumstances of this case, we must still determine whether the sentence imposed by the district court was "reasonable." *Booker*, __ U.S. at __, 125 S. Ct. at 766. As this Court has recently noted, "review for 'reasonableness' is not limited to consideration of the length of the sentence." *United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005) (quoting *United States v. Crosby*, 397 F.3d 103, 114 (2d Cir. 2005)). A sentence may be unreasonable "when the district judge fails to 'consider' the applicable Guidelines range or neglects to 'consider' the other factors listed in 18 U.S.C. § 3553(a), and instead simply selects what the judge deems an appropriate sentence without such required consideration." *Id.*

The district court in reaching its sentencing determination properly calculated and considered the appropriate guidelines range. *See* 18 U.S.C. § 3553(a)(4). The district court properly assigned the defendant a base level of 20 pursuant to U.S.S.G. § 2K2.1(a)(4) by concluding that the defendant's conviction for maintaining a methamphetamine laboratory constituted a controlled substance offense. The district court then applied a U.S.S.G. § 3E1.1(a) reduction and granted the government's motion for a U.S.S.G. § 3E1.1(b) reduction, which is warranted where "the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty." U.S.S.G. § 3E1.1(b). After determining the defendant's criminal history category, the district court considered the applicable guidelines range

of between 51 and 63 months of imprisonment. The district court then sentenced the defendant to 60 months of imprisonment. In light of the guidelines' recommended sentencing range, this sentence was reasonable.

Additionally, the district court properly considered several other pertinent factors listed in 18 U.S.C. § 3553(a) in reaching its sentencing determination. The district court noted the defendant's lengthy criminal history, which included convictions for receiving and concealing stolen property, malicious destruction of property, possession of marijuana, maintaining a methamphetamine laboratory, and assault. Furthermore, the instant offense was committed less than two years following the defendant's release from custody for a prior conviction. Given the defendant's prior convictions, it was reasonable for the district court to place substantial weight on the defendant's criminal history in reaching its sentencing determination. *See* 18 U.S.C. § 3553(a)(1) ("The court, in determining the particular sentence to be imposed, shall consider . . . the nature and circumstances of the offense and the history and characteristics of the defendant."). The presentence report indicates that the defendant has a history of domestic violence and suffers from continuing substance abuse problems. As a result, the district court recommended that while in prison the defendant participate in a drug treatment program and anger management counseling. *See* 18 U.S.C. § 3553(a)(2)(D) ("The court, in determining the particular sentence to be imposed, shall consider . . . the need for the sentence imposed . . . to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."). Thus, the record indicates that the district court reviewed and weighed all of the relevant information provided by the defendant, the government, and the probation office before arriving at the

defendant's sentence.  As a result, we find nothing in the record that indicates that the defendant's

sentence is an unreasonable one with regard to the length, the factors considered, or the procedures

employed by the district court in arriving at the defendant's sentence.

## III. CONCLUSION

For the foregoing reasons, we affirm the sentencing determination of the district court.