**NOT RECOMMENDED FOR PUBLICATION**
File Name: 05a0984n.06
Filed: December 15, 2005

Nos. 04-2079/ 05-1016

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | **ON APPEAL** FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| Samuel Brumfield, | ) | WESTERN DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant, | ) | |
| | ) | |
| Darren Reese, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE:     Merritt, Martin, and Cole, Circuit Judges.

**MERRITT, Circuit Judge.**  Defendants Samuel Brumfield and Darren Reese appeal their sentences imposed after entering guilty pleas for distribution of more than 50 grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii).  Specifically, defendants argue on appeal that the District Court's sentencing determinations were erroneous in light of *United States v. Booker*, 125 S. Ct. 738 (2005).  Because the District Court stated at each defendant's sentencing hearing that it would  impose the exact same sentence on each defendant regardless of whether the sentencing guidelines were advisory or mandatory, and because we find both sentences to be reasonable, we affirm the judgment of the District Court.

Defendants were charged in a four-count indictment: one count of conspiracy to distribute cocaine base against both Reese and Brumfield (Count 1), and, as to Reese, three counts of distribution of cocaine base on three separate occasions (Counts 2, 3, 4), and as to Brumfield, one count of distribution of cocaine base (Count 4). Brumfield pled guilty to Count 4 and Counts 1, 2 and 3 were dismissed. Reese pled guilty to Count 2 and Counts 1, 3 and 4 were dismissed. We will recount the facts separately as to each defendant.

**Darren Reese**

Defendant had been under investigation by various law enforcement agencies since June 2003. On August 13, 2003, an undercover agent and a confidential source agreed to meet Reese in a store parking lot. The actual transaction was made by Reese's 15-year-old daughter, who exited Reese's vehicle, entered the vehicle with the undercover agent and the confidential source, and provided 55.3 grams of cocaine base hidden in a baseball cap. Marked funds in the amount of $1,600 were given to the girl, who exited the vehicle, got back into Reese's vehicle and gave him the money. Following the transaction, the agent asked about another purchase and Reese said he would have more later and he instructed the agent to obtain his telephone number through the source. Reese was involved in other transactions with the same agent in the late summer of 2003, but those charges, as well as the conspiracy charge, were dismissed.

Reese was arrested in February 2004. He pled guilty to one count of distribution of cocaine base. The District Court adopted the presentence report's recommendation and assigned Reese an offense level of 31 and a criminal history category of IV. The federal sentencing guidelines called

for a sentence between 151 months and 188 months. The District Court sentenced Reese to 151

months, the bottom of the range.

**<u>Samuel Brumfield</u>**

Brumfield is the nephew of Darren Reese. On September 16, 2003, Reese was contacted by

the undercover agent about purchasing some drugs. When the agent called Reese back later,

Brumfield apparently answered Reese's phone and, pretending to be Reese, made arrangements to

effectuate the drug deal with the agent. Shortly after the phone call, police surveillance observed

Brumfield and another man, Cox, exit Reese's home. The two men then went to the meeting place

for the transaction in the parking lot of a local store. The agent asked who Brumfield was, and he

identified himself as "PJ" and said that "Dagwood" (Reese) sent him. Brumfield gave the agent two

bags containing 55.2 grams of cocaine base. The price was discussed and the parties eventually

agreed upon $1,600. Brumfield and Cox then headed towards Reese's home, but, just prior to

arriving, Cox drove to another house where the two men entered.

Brumfield was arrested in February 2004. He pled guilty to one count of distribution of

cocaine base. The District Court assigned Brumfield an offense level of 25 and a criminal history

category of I. The federal sentencing guidelines called for a sentence between 57 months and 71

months. The District Court sentenced Brumfield to 57 months, the bottom of the range.

**Discussion**

Both defendants timely appeal their sentences, arguing that the District Court imposed the

sentences in violation of *United States v. Booker*, 125 S. Ct. 738 (2005). We have discussed the

holding of *Booker* extensively in many other opinions and will not reiterate those discussions here

except to note that under *Booker* the federal sentencing guidelines are now advisory in all cases, including those that do not involve a Sixth Amendment violation. Because this appeal was pending when *Booker* was decided, the holdings of *Booker* are applicable to this appeal.

This court has held that it is plain error for a defendant to be sentenced under a mandatory sentencing guidelines regime that has since become advisory. *United States v. Barnett*, 398 F.3d 516, 526 (6th Cir. 2005). We also presume that the defendant's substantial rights were affected when a district court sentenced a defendant under the erroneous belief that the guidelines were mandatory. *Id.* We made it clear that the presumption could be rebutted in those cases where "the trial record contains clear and specific evidence that the district court would not have, in any event, sentenced defendant to a lower sentence under an advisory Guidelines regime." *Id.*

In this case, the District Court determined the defendants' sentences pursuant to the federal guidelines and, in addition, in the event that the guidelines were held to be only advisory, imposed alternative sentences in both cases that were identical to the sentences imposed under the mandatory scheme. We have previously held that this type of specific ruling in the alternative satisfies the "clear and specific evidence" standard articulated in *Barnett*. *See, e.g., United States v. Chandler*, 419 F.3d 484, 486 (6th Cir. 2005); *United States v. Christopher*, 415 F.3d 590, 593-94 (6th Cir. 2005) (listing other circuits that follow same reasoning); *United States v. Cronk*, No. 04-2391, 2005 WL 2596895 (6th Cir. Oct. 13, 2005).

At Reese's sentencing hearing, the District Court stated at the conclusion of the hearing when the sentence was imposed, "The sentence without the guidelines would still be 151 months." Transcript of Sentencing Hearing at 30, Nov. 16, 2004 (J.A. at 87). Likewise, the District Court

stated at Brumfield's sentencing hearing: "The sentence imposed would be the same using the guidelines as guidelines as distinguished from rules. I think it is a fair sentence under all the circumstances and achieves the purposes of sentencing." Transcript of Sentencing Hearing at 20, Aug. 30, 2004 (J.A. at 116). The language used by the District Court and the imposition of identical alternative sentences provides the necessary "clear and specific" evidence to demonstrate that the District Court would not have sentenced defendants to lower sentences under an advisory guidelines regime. Accordingly, we hold that defendants' substantial rights were not affected by the District Court's use of the mandatory federal sentencing guidelines.

As required by *Booker,* we also conclude that the sentences imposed by the district court on the two defendants were "reasonable." The District Court properly calculated and considered the appropriate guideline ranges for each defendant. *See* 18 U.S.C. § 3553(a)(4). As to Reese, his base offense level was 32 pursuant to U.S.S.G. § 2D1.1(c)(4) (based on distribution of 50 grams or more of cocaine base). He received a two-level increase pursuant to U.S.S.G. § 3B1.4, which may be used when the defendant enlists the assistance of a minor younger than 18 for the commission of an offense or to avoid detection. As mentioned above, the undercover officer involved in the transaction to which Reese pled guilty testified at the sentencing hearing that a teenage girl, who looked younger than 18, delivered the drugs to the undercover officer's car, collected the payment and turned the money over to Reese. Reese objected to this increase in the District Court, but he does not pursue his objection on appeal. Finally, Reese received a three-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) and (b), for a total offense level of 31. This level combined with a criminal history category of IV gave a range of imprisonment of 151 to

188 months.  The court imposed the recommended sentence of 151months, the bottom of the range and, as noted above, stated the sentence would have been the same even if the guidelines were advisory.

The District Court noted Reese's substantial drug dealing background in the community and the harm it has done to his family, especially to his children, as well as the other criminal history of assaults and theft. The record indicates that the District Court carefully reviewed and weighed the relevant information and arrived at a proper sentence.  In light of the recommended sentencing range and the other factors, this sentence was reasonable.

As to Brumfield, his base offense level was 32 pursuant to U.S.S.G. § 2D1.1(c)(4) (based on distribution of 50 grams or more of cocaine base).  He received a two-level reduction pursuant to U.S.S.G. § 5C1.2 (the "safety-valve" provision), and a three-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) and (b).  Brumfield also sought a two-level reduction for his minor role in the offense pursuant to U.S.S.G. § 3B1.2(b), but the District Court rejected this reduction.  Brumfield appeals the failure of the District Court to reduce his offense level by two points.  The total offense level is 25 and the criminal history category is I, for a guideline range of 57 to 71 months.[1]  Brumfield was sentenced to 57 months, the bottom of the guideline range and, as we stated above, the District Court made clear that the sentence would have been the same even under advisory guidelines.

---

[1]Because Brumfield met the requirements for application of the "safety-valve" provision, the 120-month statutory minimum did not apply.

We find that the sentence imposed was reasonable under the circumstances and, specifically we hold that under the advisory guidelines, the District Court did not err by refusing to reduce the base offense level by two points for Brumfield's role in the offense. Pursuant to § 3B1.2, a defendant may receive a two-level reduction for being a minor participant. "[A] minor participant is one who 'is less culpable than most other participants, but whose role could not be described as minimal.'" *United States v. Bartholomew*, 310 F.3d 912, 924 (6th Cir. 2002) (quoting U.S.S.G. § 3B1.2, cmt. nn. 1, 3); *United States v. Roberts*, 223 F.3d 377, 380 (6th Cir. 2000).

The thrust of Brumfield's argument for application of the reduction is that the drugs were Reese's and he was just doing the actual transaction for Reese and he points to the fact that Count 1 of the indictment was a conspiracy charge. The District Court conducted a lengthy discussion with counsel about Brumfield's role in the offense. In refusing to apply the reduction, the District Court stated:

> [I]t seems to me he did everything. He got the call [to initiate the transaction]. He got the drugs. He was the source of the drugs for the [government source]. He brought the drugs there. He agreed upon the price. And he did transfer the drugs from himself to the guy, and he went back and he kept the profits. He did everything that could possibly be done in a drug transaction. There isn't one thing he didn't do, other than manufacture it.

Transcript of Sentencing Hearing at 4, Aug. 30, 2004 (J.A. at 100). The court went on to note that if the plea had been to a conspiracy charge, the result might be different because Brumfield might have been less culpable than Reese, looking to all the drugs that Reese sold over time. However, the court said, Brumfield is not being held accountable for any of the other drugs. *Id.* at 9 (J.A. at

105). The conspiracy charge was dismissed against both men and Count 4, to which Brumfield pled guilty, cites only the single transaction at issue here from September 16, 2003.

We do not find that the District Court clearly erred in refusing to apply the reduction. Brumfield performed virtually every function to effectuate the transaction. The facts demonstrate that while Reese did own the drugs, Brumfield stole the drugs from his uncle and sold them of his own accord, without any knowledge, participation or acquiescence by Reese.

The record indicates that the District Court carefully reviewed and weighed the relevant information and arrived at a proper sentence for Brumfield. He noted Brumfield's minimal criminal history and the application of the safety-valve factors. In light of the recommended sentencing range and the other factors, this sentence was reasonable. With respect to the advisory nature of the Guidelines under *Booker*, the same reasoning applies to the District Court's alternative sentence for Brumfield as we applied to Reese.

For the foregoing reasons, the judgment of the District Court is affirmed.