*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 06a0280p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

UNITED STATES OF AMERICA,

> *Plaintiff-Appellee,*

v.

WESLEY WILLIAM CASWELL, JR.,

> *Defendant-Appellant.*

No. 04-2280

>

---

Appeal from the United States District Court
for the Western District of Michigan at Marquette.
No. 03-00034—Gordon J. Quist, District Judge.

Argued: December 2, 2005

Decided and Filed: August 7, 2006

Before: CLAY and COOK, Circuit Judges; OLIVER, District Judge.[*]

---

## COUNSEL

**ARGUED:** Paul L. Nelson, FEDERAL PUBLIC DEFENDERS OFFICE, Grand Rapids, Michigan, for Appellant. Timothy P. VerHey, ASSISTANT UNITED STATES ATTORNEY, Grand Rapids, Michigan, for Appellee. **ON BRIEF:** Paul L. Nelson, FEDERAL PUBLIC DEFENDERS OFFICE, Grand Rapids, Michigan, for Appellant. Paul D. Lochner, UNITED STATES ATTORNEY, Marquette, Michigan, for Appellee.

OLIVER, D. J., delivered the opinion of the court, in which COOK, J., joined. CLAY, J. (p. 7), delivered a separate concurring opinion.

---

## OPINION

---

OLIVER, District Judge. Defendant-Appellant Wesley William Caswell, Jr. ("Appellant" or "Caswell") pled guilty to one count of being a felon in possession of a firearm and now appeals his 51-month sentence. For the reasons stated below, this court affirms the sentence imposed by the district court.

---

[*]The Honorable Solomon Oliver, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

# I. FACTS AND PROCEDURAL HISTORY

On December 16, 2003, a federal grand jury indicted Caswell for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Caswell pled guilty to the indictment. At sentencing, the district judge determined Caswell's base offense level to be 14, which he decreased by two levels for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). This resulted in a total offense level of 12.

The district court then considered the United States' motion for an upward departure based on Caswell's criminal history, noting:

> He has a substantial criminal history, starting at the age of 12, 15, 17, 18, 18, 19, 20, 20, 20, 21. I mean, it doesn't stop. Assault and battery. A lot of it is not real serious stuff, but it's consistent. Domestic violence, which is serious, of course, even though it might have been a misdemeanor domestic violence. Driving on a suspended license. Assault and battery again, larceny of less than $200, domestic violence, attempted forgery, assault and battery, domestic violence, malicious destruction of a building. No points assessed on that. Assault and battery again, malicious destruction of property, domestic violence third offense, habitual offender, malicious destruction of building, 200- to $1,000.
>
> He has a criminal history score of 35, but it's limited to total points under United States Sentencing Guideline 4A1.1(c). That is, the subtotal is reduced by eight points to 27, which is more than double the beginning entry level for Criminal History Category VI. He gets two points added because this offense occurred within two years of his release on the domestic violence charge. So he had 29 criminal history points . . . which is off the charts.

The court heard argument from the United States and Caswell on the upward departure issue, and then departed upward, pursuant to the Sentencing Guidelines, which state:

> In a case in which the court determines that the extent and nature of the defendant's criminal history, taken together, are sufficient to warrant an upward departure from Criminal History Category VI, the court should structure the departure by moving incrementally down the sentencing table to the next higher offense level in Criminal History Category VI until it finds a guideline range appropriate to the case.

United States Sentencing Guidelines Manual § 4A1.3(a)(4)(B).

Beginning with a determination that the Guideline range for an offense level of 12 and a Criminal History Category VI was 30-38 months, the court departed upward four offense levels, to offense level 16. The court then announced an intended sentence of 51 months, midway between the 46 and 57 months range under offense level 16 and Criminal History Category VI. Prior to imposing the sentence, the judge asked the parties if they had any objections. Defendant did not object to the sentence. The judge then announced the sentence, which included substance abuse treatment with a domestic violence emphasis, and three years of supervised release with mental health treatment and vocational training. The court also noted that "[a]s far as *Blakely* goes, using the guidelines as guidelines as distinguished from rules, I would have sentenced Mr. Caswell to the same period under the same circumstances."

Caswell now challenges his sentence on direct appeal, arguing that the district court violated his Sixth Amendment rights by: (1) imposing a sentence in reliance on the United States Sentencing Guidelines being mandatory; and (2) enhancing his sentence based on facts found by the court by a preponderance of the evidence.

## II. STANDARD OF REVIEW

If a defendant fails to object to his sentence at a sentencing hearing, this court reviews a Sixth Amendment claim seeking to vacate the sentence for plain error. *United States v. Oliver*, 397 F.3d 369, 377-78 (6th Cir. 2005) (interpreting *United States v. Booker*, 543 U.S. 220, 268 (2005)). On plain error review, the appellate court may only correct such an error if there is: (1) error; (2) that is plain; (3) that affects substantial rights; and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Johnson v. United States,* 520 U.S. 461, 466 (1997).

## III. LAW AND ANALYSIS

### A. Guideline Sentence

Appellant argues that his sentence constituted plain error, because the district court sentenced him under the Guidelines that were mandatory prior to *Booker.* Respondent contends there was no plain error, because the court imposed an alternative sentence in the event the Guidelines were later determined by the Supreme Court to be advisory. The court first analyzes whether the district court erred in treating the Guidelines as mandatory, and then evaluates whether the sentence was reasonable under an advisory Guidelines regime.

### *1. Guidelines as Mandatory*

In *Booker*, the Supreme Court found the mandatory Sentencing Guidelines to be unconstitutional. The Court further determined the Guidelines should be viewed as advisory in the context of the overall sentencing scheme found in 18 U.S.C. § 3553(a). 543 U.S. at 245. This court subsequently held that a district court commits plain error when it sentences a defendant "under a mandatory Guidelines regime that has now become advisory." *United States v. Barnett,* 398 F.3d 516, 526 (6th Cir. 2005). Furthermore, under such circumstances, we presume that substantial rights of the defendant are affected.

However, under circumstances where the trial court has determined a sentence pursuant to the Guidelines, but has also treated the Guidelines as advisory and sentenced the defendant pursuant to the factors in § 3553(a), the sentencing does not implicate the Sixth Amendment. *See United States v. Chandler*, 419 F.3d 484, 486 (6th Cir. 2005); *United States v. Strbac*, 129 Fed. Appx. 235, 238 (6th Cir. 2005). In the instant case, the district court explicitly stated that the sentence would be identical "using the guidelines as guidelines as distinguished from rules." Furthermore, as discussed below in Section III.A.2., it is clear that this was no mere incantation; he actually did treat the Guidelines as advisory and fashioned an alternative sentence based on the § 3553(a) factors.

Appellant argues that despite the district court's statement on an identical sentence, re-sentencing is necessary because the sentence was "made at a time when the full import of the then-anticipated *Booker* decision was not known or appreciated." This argument is not well-taken. The district judge anticipated the *Booker* decision by explicitly referencing *Blakely* and issuing an alternative sentence, pursuant to this court's recommendation in *United States v. Koch*, No. 04-5477, 2004 WL 1870438 (6th Cir. Aug. 13, 2004). The Sixth Circuit has held such an alternative sentence does not run afoul of *Booker*, merely because it was imposed prior to that decision. *See Strbac*, 129

Fed. Appx. at 238. Consequently, we find that the district court did not commit plain error by treating the Guidelines as mandatory in sentencing Defendant.[1]

### 2. Guidelines as Advisory

Even though remand of this case is not required by *Booker*, we must still determine whether the district court committed plain error by imposing a sentence that was not reasonable. *Booker*, 543 U.S. at 260-65. A sentence is unreasonable if the district court fails to consider the applicable sentencing range under the Guidelines, or fails to consider the sentencing factors described in 18 U.S.C. § 3553(a). *United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005). In the instant case, Caswell does not allege that the court failed to consider the applicable sentencing range[2]; however, Appellant does contend the court failed to explicitly consider certain sentencing factors.

18 U.S.C. § 3553(a) requires a district court to consider several factors, including:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> * * *
>
> (4) the kinds of sentence and the sentencing range established for--

---

[1] Judge Clay's concurrence argues that this opinion "improperly bifurcates the reasonableness analysis from an assessment of whether the government has successfully rebutted the presumption that defendant's substantial rights were affected." This point is not well-taken. Plain error analysis differs depending upon whether the sentencing judge treated the Guidelines as mandatory or advisory. When the Guidelines are treated as advisory, there is no presumption of plain error or affect on the substantial rights of the parties. Thus, we analyze advisory Guideline sentences for reasonableness–not to rebut the presumption of error or that defendant's substantial rights were affected, as argued by Judge Clay–but to determine whether error was committed. It is only after this analysis that we can determine whether any error was plain or whether it affected the substantial rights of the parties.

Neither *Chandler* nor *Strbac* supports Judge Clay's argument that the analysis should be otherwise. Indeed, *Chandler* did not involve the assertion of plain error or any analysis under that standard. See 419 F.3d at 485. Further, *Strbac* makes clear the requirements for evaluating plain error in the two contexts should not be conflated as Judge Clay suggests. 129 Fed. Appx. at 237-38. In *Strbac*, this court applied the plain error standard in reviewing alternative sentences imposed by a district court. It held that to the extent the mandatory sentence constituted plain error, the fact that the district court issued an identical non-Guideline sentence was sufficient to rebut the presumption of prejudice afforded defendants in such circumstances. The *Strbac* court still had to, and did, address in a separate section of the opinion, whether the alternative sentence was reasonable. *Id*. at 238. Because it was reasonable, there was no error. Thus, there could be no plain error. This is precisely the approach taken by this opinion.

*United States v. McBride*, 434 F.3d 478 (6th Cir. 2006) applies a similar analysis to alternative sentences in the context of determining whether plain error had been committed.

[2] Appellant does contend the court erred when it departed upwards, but frames its argument as a Sixth Amendment violation. *See, infra,* Section III.B.

> (A) the applicable category of offense [as set forth in the sentencing guidelines]
>
> * * *
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

The district court need not explicitly reference each factor in its sentencing determination. *United States v. McBride*, 434 F.3d 470, 476, n.3 (6th Cir. 2006). Indeed, this court has held that "[a]lthough the district court may not have mentioned all of the statutory factors or the guidelines explicitly, and although explicit mention of those factors may facilitate review, this court has never required the 'ritual incantation' of the factors to affirm a sentence." *United States v. Johnson*, 403 F.3d 813, 816 (6th Cir. 2005). However, "there must still be sufficient evidence in the record to affirmatively demonstrate the court's consideration of them." *McBride*, 434 F.3d at 476 n.3. A review of the sentencing transcript demonstrates that although the district court did not explicitly mention 18 U.S.C. § 3553(a), it sufficiently considered the § 3553(a) sentencing factors.

Caswell contends the district court did not consider his personal history. However, while the district court did not explicitly mention the personal history factor, it did acknowledge Caswell's personal history during the sentencing hearing:

> And I think the way you were treated as a young child is a horrible thing, and it's not your fault. You say, "Is it my fault?" I read in the headlines of the Grand Rapids paper yesterday or the day before about a two-year-old that was beaten to death by his own mother in New York City. My goodness, what kind of people do things like that? It's not that child's fault anymore than it was your fault, except when you were twelve years old and started getting in trouble.

Moreover, Caswell spoke to the court prior to his sentencing and described his troubled childhood and personal background. Additionally, Caswell's personal history was before the court in the presentence investigation report, which the district court relied on in its sentencing decision. There is sufficient evidence in the record to demonstrate that the court considered Caswell's personal history in sentencing him.

The district court also considered the remaining § 3553 factors. The court extensively considered Caswell's criminal history and recited his prior offenses. The court took into account the nature and circumstances of Caswell's offense in overruling the government's argument that the base offense level for Caswell's offense should have been higher:

> In this particular case, given the elements that the crime requires, there is no, in my judgment, threatened use of force, because it could be, for example, a shoplifting charge – although, of significant quantities . . . I've already mentioned where the guideline 4B1.2(a)(2) describes 'crime of violence' to include burglary of a dwelling. It would have been easy for the sentencing commission to have simply said 'burglary' if it would have been breaking and entering into a commercial establishment. And there is no evidence here that the defendant himself actually broke into the garage.

The court considered the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from further crimes of the defendant when it acknowledged the dangerous combination of Caswell's violent temper and firearms and commented that "this is how murders occur. This is how accidents occur." The court considered the need to give the defendant needed care or training when it required substance abuse treatment, mental health treatment, and vocational training. The court also considered the sentencing guidelines. A comprehensive review of the sentencing transcript shows the district court judge considered the §3553 factors, and that Caswell's sentence was reasonable in light of them. Under these circumstances, the fact that the court did not reference § 3553(a) by name is immaterial. Therefore, the district court did not commit error.

## B. Upward Departure

Appellant contends the district court violated his Sixth Amendment rights by sentencing him based upon facts the court found by a preponderance of the evidence. Again, we review for plain error. In *Booker*, the Supreme Court reaffirmed that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." 543 U.S. at 244. The Court thus specifically held that prior convictions need not be admitted or proven to a jury in order for a court to utilize them to enhance a sentence. In the instant case, the district court's sentence relied on prior convictions to depart upward. Thus, there is no *Booker* violation.

Despite this, Caswell argues that the prior conviction exception is not absolute, and that it only applies to the *fact* of the conviction, not the *circumstances* of the offenses. *See Shepard v. United States*, 544 U.S. 13 (2005). *Shepard* involved sentencing enhancement provisions in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), which requires an enhanced mandatory minimum sentence if a previously convicted felon, convicted of possessing a firearm, has three prior violent felony convictions. *Id.* at § 924(e)(1). The statute counts burglary as a violent felony if it is a 'generic burglary' committed in a building or enclosed space. *Id.* at § 924(e)(2)(B); *Shepard,* 544 U.S. at 15. In *Shepard*, the Court held that a sentencing court could not look to police reports to determine whether a guilty plea in a prior case constituted a conviction for generic burglary. *Id.* Rather, the Court required "that a later court determining the character of an admitted burglary is generally limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Id. Shepard*, and the case it clarified, *Taylor v. United States*, 495 U.S. 575 (1990), both dealt with the information a sentencing court may consider when attempting to classify a prior conviction as a violent felony under the ACCA. However, in the instant case, the ACCA did not come into play, and the district court did not classify, or make any specific factual findings, about Caswell's prior convictions. To the contrary, the district court relied on the fact of the convictions, and not any additional circumstances of the convictions. Moreover, to the extent it can be argued that the court did discuss the circumstances of the convictions, Caswell did not dispute those circumstances. The prohibitions discussed in *Taylor* and *Shepard* are not pertinent to the current case.

The district court did not violate Caswell's Sixth Amendment rights when it sentenced him to 51 months in reliance on Caswell's prior convictions. The existence of Caswell's prior convictions is not a fact question requiring proof before a jury or admission by a defendant. Thus, the district court properly relied upon the prior convictions in enhancing Caswell's sentence.

## IV. CONCLUSION

For the foregoing reasons, we AFFIRM the sentence imposed by the district court.

---

**CONCURRENCE**

---

CLAY, Circuit Judge, concurring.  Because the majority opinion improperly bifurcates the reasonableness analysis from an assessment of whether the government has successfully rebutted the presumption that Defendant's substantive rights were affected when Defendant was sentenced under a mandatory sentencing regime, I concur in the judgment only.

The majority overly relies on the district court's statement that it would impose the same sentence "using the guidelines as guidelines as distinguished from rules" to conclude that no *Booker* plain error occurred.  Such a statement from a district court is insufficient to rebut the presumption of plain error which exists when a defendant is sentenced pursuant to mandatory sentencing guidelines.  Rather, this Court requires an indication from the district court that it properly considered the § 3553 factors in reaching its alternative sentence before we conclude that the government has successfully rebutted the presumption of plain error. *See United States v. Chandler*, 419 F.3d 484, 486 (6th Cir. 2005); *United States v. Strbac*, 129 Fed. App'x 235, 238 (6th Cir. 2005).

In circumstances such as the instant case (where a defendant was sentenced pre-*Booker*, but without contemporaneous objection to the sentence), we have held that we will presume that all elements of plain error have been satisfied.  (Contrary to footnote 1 of the majority opinion, there is no presumption of "plain error" analysis or lack thereof, depending upon whether a sentencing error arises in the context of the Guidelines being treated as mandatory or advisory.  The applicability of plain error analysis depends on the nature and context of the legal error being addressed on appeal.)  We have also held, however, that the government may rebut the presumption that a defendant's substantial rights were affected by the district court's error by showing that a proper, alternative sentence was rendered.  In other words, this Court does not reach the conclusion that the defendant's substantial rights have not been affected until it can discern that the district court properly considered the § 3553 factors. In the instant case, the government has demonstrated to this Court that the district court did conduct a proper § 3553 analysis.  I would therefore affirm the district court under this reasoning.