*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 05a0347p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

—————————————

UNITED STATES OF AMERICA,

　　　　　　　　　　*Plaintiff-Appellee,*

　　　*v.*

GRADY CHANDLER, JR.,

　　　　　　　　　　*Defendant-Appellant.*

No. 04-6203

>

—————————————

Appeal from the United States District Court
for the Eastern District of Tennessee at Knoxville.
No. 04-00037—Thomas W. Phillips, District Judge.

Argued: July 21, 2005

Decided and Filed: August 16, 2005

Before: KENNEDY, CLAY, and GILMAN, Circuit Judges.

—————————————

## COUNSEL

**ARGUED:** Paula R. Voss, FEDERAL DEFENDER SERVICES, Knoxville, Tennessee, for Appellant. Steve H. Cook, ASSISTANT UNITED STATES ATTORNEY, Knoxville, Tennessee, for Appellee. **ON BRIEF:** Paula R. Voss, FEDERAL DEFENDER SERVICES, Knoxville, Tennessee, for Appellant. Steve H. Cook, ASSISTANT UNITED STATES ATTORNEY, Knoxville, Tennessee, for Appellee.

—————————————

## OPINION

—————————————

　　　KENNEDY, Circuit Judge. On March 2, 2004, Defendant Grady Chandler pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The district court adopted the presentence report's recommendation and assigned the Defendant a base offense level of 20 pursuant to U.S.S.G. § 2K2.1(a)(4), as the Defendant committed the instant offense subsequent to sustaining a felony conviction of a crime of violence. The prior conviction was for facilitation of aggravated assault, which the district court concluded constituted a crime of violence as defined in U.S.S.G. § 4B1.2(a)(1). The district court then decreased the base offense level by 2 pursuant to U.S.S.G. § 3E1.1(a) for acceptance of responsibility and granted the government's motion for an additional one level reduction pursuant to U.S.S.G. § 3E1.1(b), arriving at a total offense level of 17. Given Chandler's criminal history category of IV and a total offense level of 17, the Guidelines called for a sentence of between 37 and 46 months. The district court sentenced the Defendant to 37 months' imprisonment.

1

The Defendant appeals from his sentence, arguing that the district court 1) imposed his sentence under the erroneous belief that the Guidelines were mandatory, in violation of *United States v. Booker*, 125 S. Ct. 738 (2005), and 2) erred in applying the Guidelines by concluding that the Defendant's prior conviction for facilitation of aggravated assault qualified as a crime of violence.

In interpreting *Booker*, this court has held that when a district court sentences a defendant under the presumption that the Guidelines are mandatory, we presume that the defendant's substantial rights were affected. *United States v. Barnett*, 398 F.3d 516, 529 (6th Cir. 2005). In this case, however, the district court not only determined the Defendant's sentence pursuant to the Guidelines, but also treated the Guidelines as advisory and sentenced the Defendant pursuant to the sentencing factors outlined in 18 U.S.C. § 3553(a).[1] Thus, the imposition of the Defendant's sentence does not implicate the Sixth Amendment. *United States v. Booker*, 125 S. Ct. at 750 ("If the Guidelines . . . could be read as merely advisory . . . rather than required, their use would not implicate the Sixth Amendment. . . . For when a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant.").

Although we need not remand this case for re-sentencing on account of *Booker*, we must still determine whether the sentence imposed by the district court was "reasonable." *Booker*, 125 S. Ct. at 766. A sentence may be unreasonable "when the district judge fails to 'consider' the applicable guidelines range or neglects to 'consider' the other factors listed in 18 U.S.C. § 3553(a), and instead simply selects what the judge deems an appropriate sentence without such consideration." *United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005).

The Defendant asserts that the district court erred in determining his Guidelines recommended range by assigning him a base offense level of 20 pursuant to U.S.S.G. § 2K2.1(a)(4) on the improper conclusion that his Tennessee conviction for facilitation of aggravated assault constituted a crime of violence as defined in U.S.S.G. § 4B1.2(a)(1). "The term 'crime of violence' means any offense under federal or state law punishable by imprisonment for a term exceeding one year, that has as an element the use, attempted use, or threatened use of physical force against the person of another." § 4B1.2(a)(1). The Defendant argues that the district court erred in finding that the Defendant's prior conviction for "facilitation of a felony" constituted a crime of violence. Although the underlying felony that the Defendant was found to have facilitated was aggravated assault, the Defendant asserts that the court may not look into the conduct underlying a facilitation conviction. Thus, the Defendant argues, since many felonies "could be facilitated without any risk of physical harm to any person, it cannot be said that the potential for bodily harm is an essential element of the crime of facilitation to commit a felony under Tennessee law."

The Tennessee facilitation of a felony statute provides that a "person is criminally responsible for the facilitation of a felony if, knowing that another intends to commit a specific felony, but without the intent required for [the offense] . . ., the person knowingly furnishes substantial assistance in the commission of the felony." Tenn. Code Ann. § 39-11-403(a). Furthermore, it provides that "facilitation of the commission of a felony is an offense of the class next below the felony facilitated by the person so charged." *Id*. at § 39-11-403(b). A reading of this statute indicates, then, that the specific underlying felony that a defendant is found guilty of facilitating provides the substance of the criminal conviction, for to determine whether a defendant is guilty of facilitation and to determine the defendant's sentence, the court must look to the underlying specific felony. Under this statute, a defendant is never convicted of a generic

---

[1] The district court stated: "[W]hile the sentence in this case will be determined pursuant to the sentencing guidelines, the Court will at the same time make this sentence pursuant to the factors set forth in 18 U.S.C. § 3553(a), treated in the guidelines as advisory only, inasmuch as the 6th Circuit has told us that we should sentence under the guidelines, but also use an alternative sentence."

"facilitation of a felony" charge.  Rather, a defendant convicted for facilitation is always found to have facilitated a *specific* felony.  *See State v. Parker*, 932 S.W.2d 945, 950-51 (Tenn. Crim. App. 1996) (noting that before an accused can be convicted of facilitation of a felony, "the state must prove the commission of a specified felony and the assistance the accused gave to the person committing the specified felony."); *see also United States v. Sawyers*, 409 F.3d 732, 738 (6th Cir. 2005) (noting that, in determining whether facilitation of a felony under Tennessee law constitutes a crime of violence, a court must look to the crime actually facilitated.").  In this case, the Defendant pled guilty to facilitation of aggravated assault.

The Defendant next argues that, even if we consider the prior conviction to be one for "facilitation of an aggravated assault" (rather than "facilitation of a felony"), the conviction still does not constitute a crime of violence.  The Defendant notes that, under Tennessee law, to be guilty for facilitation of a specific felony, the defendant must not possess the requisite intent to be guilty of the underlying felony.[2]  Since the Defendant did not intend to commit an aggravated assault, he continues, then his offense of conviction has no "element the use, attempted use, or threatened use of physical force against the person of another," and thus cannot constitute a crime of violence.  The application notes to § 4B1.2 indicate, however, that an offense is a "crime of violence," not only when the offense of conviction has as an "element the use, attempted use, or threatened use of physical force against the person of another," but also when "the conduct set forth . . . in the count of which the defendant was convicted . . . by its nature, present[s] a serious potential risk of physical injury to another."  In this case, the Defendant pled guilty to an indictment charging that the Defendant knew an individual intended to commit an aggravated assault and knowingly furnished substantial assistance to this individual in the commission of an aggravated assault.  We conclude that, by its nature, this conviction for facilitation of an aggravated assault inherently involves conduct that presents a serious potential risk of physical injury to another, and therefore constitutes a crime of violence as defined in § 4B1.2.  Thus, the district court did not err in assigning the Defendant a base offense level of 20 pursuant to U.S.S.G. § 2K2.1(a)(4) by concluding that the Defendant's Tennessee conviction for facilitation of aggravated assault constituted a crime of violence.

The Defendant also argues that even if the district court considered the Guidelines as advisory and sentenced him pursuant to the § 3553(a) factors, the case should nonetheless be remanded for re-sentencing since the district court did not consider or apply the § 3553(a) factors, other than § 3553(a)(4), which instructs the district court to determine the Guideline recommended range. Although "[t]here is no requirement that the district court . . . engage in a ritualistic incantation of" the § 3553(a) factors it considers, *United States v. Washington*, 147 F.3d 490, 491-492 (6th Cir. 1998) (internal quotation marks and citations omitted), the district court's sentence should nonetheless reflect the considerations listed in § 3553(a).  *Id.*  We conclude that the district court's sentence does reflect the considerations outlined in § 3553(a).  The district court found that the sentence it imposed would afford adequate deterrence and just punishment.  *See* 18 U.S.C. § 3553(a)(2)(A) and (B) ("The court, in determining the particular sentence to be imposed, shall consider . . . just punishment for the offense . . . [and] adequate deterrence to criminal conduct.").  The court also noted that the sentence it imposed, which would take the defendant "a bit of time . . . to complete," would give the Defendant the opportunity to not only get a GED, but also to potentially pick up a trade so that, upon the end of his sentence, he could become a productive member of society.  *See* 18 U.S.C. § 3553(a)(2)(D) ("The court . . . shall consider . . . the need for the sentence imposed . . . to provide the defendant with needed educational or vocational training).  Finally, in arriving at the sentence it imposed, the court also properly considered the Guidelines

---

[2]This is so because a charge of facilitation of a specific felony is a lesser included offense of commission of the specific felony.  If a defendant had the requisite intent to commit the specific felony, then he would be guilty of that offense, not facilitation.

recommended sentencing range.  18 U.S.C. § 3553(a)(4).  The Guidelines recommended sentencing range for the Defendant was 37 to 46 months.  The district court sentenced him to 37 months' imprisonment.  We conclude that this sentence, in light of the Guidelines recommended sentencing range and the reasons expressed by the district court for imposing the sentence, was reasonable.

For the foregoing reasons, we AFFIRM.