*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 07a0378p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellant,*

*v.*

JACK ALEX BAKER,

*Defendant-Appellee.*

No. 05-6874

>

Appeal from the United States District Court
for the Eastern District of Tennessee at Knoxville.
No. 04-00098—Thomas W. Phillips, District Judge.

Argued: January 25, 2007

Decided and Filed: September 17, 2007

Before: SILER, MOORE, and ROGERS, Circuit Judges.

_____

## COUNSEL

**ARGUED:** Tracee J. Plowell, ASSISTANT UNITED STATES ATTORNEY, Knoxville, Tennessee, for Appellant. Kim A. Tollison, FEDERAL DEFENDER SERVICES, Knoxville, Tennessee, for Appellee. **ON BRIEF:** Tracee J. Plowell, ASSISTANT UNITED STATES ATTORNEY, Knoxville, Tennessee, for Appellant. Kim A. Tollison, FEDERAL DEFENDER SERVICES, Knoxville, Tennessee, for Appellee.

_____

## OPINION

_____

SILER, Circuit Judge. Jack Alex Baker pleaded guilty to one count of possessing an unregistered firearm having a barrel length of less than eighteen inches, in violation of 26 U.S.C. § 5861(d). The district court sentenced him to five years' probation, including house arrest for the first year of probation. The government now appeals the reasonableness of this sentence. For the reasons set forth below, we **AFFIRM** the judgment of the district court.

I.

In January 2004, a Blount County Sheriff's Deputy responded to a call at Baker's residence in Maryville, Tennessee. Police reports indicate that Baker's estranged wife explained that she and Baker had been arguing about her having recently filed for divorce, and that Baker fired a shotgun near her head, stating "if he wanted to kill her he could have," and told her not to call the police. Baker and his wife now claim that the shotgun was fired accidentally.

1

After the shot was fired, Baker left the house in a truck.  Another Sheriff's Deputy later stopped the vehicle and arrested him for domestic violence and driving under the influence.  A subsequent search of the vehicle yielded four firearms, including a shotgun with a barrel length of approximately eight inches.  In 2005, Baker pleaded guilty to knowingly possessing an unregistered firearm having a barrel length of less than eighteen inches, in violation of 26 U.S.C. § 5861(d).  His presentence report ("PSR") set his offense level at 17 and his criminal history category at level II, based on four prior convictions.  The recommended guideline range was 27 to 33 months.

The statutory maximum sentence for this offense is ten years, 18 U.S.C. § 924(a)(2), but Baker was eligible for probation.  18 U.S.C. § 3561(c)(1).  Because this offense is a felony, a sentence of probation must also include one of the following conditions: a fine, restitution, or house arrest.  18 U.S.C. § 3563(a)(2) & (b)(13).

At the sentencing hearing, the district court granted a downward variance.  It justified its variance by stating:

> Now, the defendant's been under supervision for a number of months, and he has done exceedingly well while he's been on supervision.  I am most impressed by the report from his pretrial service officer and from the probation officer that his primary concern in all of this is his children, specifically, his older – his son, his older son, and what is about to happen to his older son should he be placed in prison.

> Now, that within itself, I don't believe, is sufficient to allow this court go below the guideline range suggested by the sentencing guidelines.  But when you couple that with the fact that the defendant, apparently, the defendant has demonstrated a serious regret for what happened, I think that he has demonstrated that he has learned a substantial lesson from what occurred.

> I don't think that it is necessary to put him in jail in order to protect his wife, and I don't think that it's necessary to put him in jail to protect the public.  I do believe that I can fashion a sentence that will reflect the seriousness of this offense, promote respect for the law and provide just punishment without placing this man in confinement.

The court ultimately sentenced Baker to five years' probation, including one year of home detention.  The court also required Baker to undergo mental health counseling, anger management, and drug and alcohol testing.  It its "Statement of Reasons," the district court explained its decision to impose a sentence below the recommended guideline range:

> The court has decided to depart from the guideline sentence recommended in this case on the basis of the defendant's stated remorse for his actions and the effect incarceration would have on defendant's older son.  The circumstances of the case do not reflect a need to protect Mrs. Baker or the public from further crimes of the defendant, and restitution is not an issue.

II.

Since *Booker v. United States*, 543 U.S. 220 (2005), established the advisory nature of the Sentencing Guidelines, we review sentences for reasonableness. *United States v. Funk*, 477 F.3d 421, 425 (6th Cir. 2007). We conclude that Baker's sentence was both substantively and procedurally reasonable.

A. Procedural Reasonableness

A sentence is procedurally unreasonable if "the district judge fails to 'consider' the applicable Guidelines range or neglects to 'consider' the other factors listed in 18 U.S.C. § 3553(a), and instead simply selects what the judge deems an appropriate sentence without such required consideration." *United States v. Ferguson*, 456 F.3d 660, 664 (6th Cir. 2006) (quoting *United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005)).

The government advances four arguments attacking the procedural reasonableness of Baker's sentence. First, the government asserts that the district court did not consider all of the § 3553(a) factors. We have repeatedly noted, however, that "there is no requirement that the district court engage in a ritualistic incantation of the § 3553(a) factors it considers." *United States v. Chandler*, 419 F.3d 484, 488 (6th Cir. 2005). In this case, the district court's recitation and consideration of the § 3553(a) factors was "sufficiently detailed to reflect the considerations listed in § 3553(a)." *United States v. McBride*, 434 F.3d 470, 474 (6th Cir. 2006). The district court specifically noted that Baker had done "exceedingly well" while under supervision, that incarceration was unnecessary to protect either his wife or the public, and that it could "fashion a sentence that will reflect the seriousness of this offense, promote respect for the law and provide just punishment without placing this man in confinement." This provides more than a sufficient basis for meaningful appellate review, and we find no error.

The government next argues that the district court failed to determine the nature and circumstances of the offense charged because it failed to definitively resolve whether Baker and his wife were involved in a domestic dispute prior to his arrest. Although the presentence report ("PSR") noted that the parties disagreed as to whether a domestic dispute occurred, and that the conflict should be resolved, the government cites no case law for its position that the district court's failure to resolve this dispute indicates that it insufficiently considered the nature and circumstances of the offense. That the district court admitted that it was aware that there *may have been* a domestic dispute demonstrates sufficient consideration of the circumstances of the offense.

We are also unpersuaded by the government's argument that the district court did not consider the applicable Guidelines provisions, USSG § 5H1.6 in particular, as well as the Sentencing Commission's policy statements. The record indicates that even though the district court did not expressly mention § 5H1.6, it clearly considered that provision. Baker's family responsibilities provided the sole basis for his requested downward variance, which the district court granted.

The government's final argument is that the district court used several facts unsupported by the record in determining Baker's sentence, including: that Baker had an irreplaceable role as the primary caregiver for his son, that Baker's two sons are home-schooled, that Baker "demonstrated serious regret for what happened," and that his prior acts of violence were directly related to his addiction to pain medication. This argument is unavailing because these facts were either included in Baker's sentencing memorandum, contained in the PSR, or noted by the court's pretrial services or probation offices.

B. Substantive Reasonableness

The government next contends that Baker's sentence is substantively unreasonable. "[A] sentence may [be] substantively unreasonable where the district court 'select[s] the sentence arbitrarily, bas[es] the sentence on impermissible factors, fail[s] to consider pertinent § 3553(a) factors, or giv[es] an unreasonable amount of weight to any pertinent factor.'" *Ferguson*, 456 F.3d at 664 (quoting *Webb*, 403 F.3d at 385) (third through sixth alterations in original); *see United States v. Jones*, 489 F.3d 243, 252 n.3 (6th Cir. 2007).

In *United States v. Davis*, 458 F.3d 491 (6th Cir. 2006), we adopted an approach to reviewing an outside-the-guidelines sentence where "we apply a form of proportionality review: the farther the judge's sentence departs from the guidelines sentence . . . the more compelling the justification based on factors in [18 U.S.C] section 3553(a) must be." *Id.* at 496 (quotations and citation omitted). "Although this court has expressed the extent of a variance in terms of a percentage, the focus of our review of downward variances under the proportionality standard has been on the district court's reasons for varying from the advisory guideline range." *United States v. Kathman*, 490 F.3d 520, 525 n.4 (6th Cir. 2007).

That we focus more on the reasons justifying the variance, rather than the extent, is why we upheld a 99.91% departure in *United States v. Husein*, 478 F.3d 318, 335 (6th Cir. 2007), but reversed a 99.89% departure in *Davis*. Simply put, the defendant in *Husein* presented a more compelling justification for a departure. In *Husein*, the district court imposed a substantially-reduced sentence, including no incarceration, because Husein presented extraordinary family circumstances – she shared responsibility with her mother for caring for her father who was completely incapacitated – justifying the variance. *Id.* at 321-22. We affirmed, distinguishing *Davis* essentially by noting that "the departure's primary purpose [was] to allow Husein to provide the assistance that her father needed to survive," whereas the departure in *Davis* was motivated by mere leniency. *Id.* at 333. We further distinguished *Davis* by observing that Husein was a more "worthy" defendant than Davis because Davis neither accepted responsibility for his crime nor showed remorse for committing it. *Id.* (citing *Davis*, 458 F.3d at 498).

We find it hard to draw any meaningful distinction between the extraordinary circumstances relied on by the district court in this case and the circumstances presented in *Husein*. The relevant family circumstance at issue in this case, like *Husein*, was the defendant's role as a caregiver for another family member. As the district court noted, Baker's older son, Jack, received a heart transplant in 2002, and Baker shares the burden of providing constant care for him. Furthermore, like Husein and unlike Davis, Baker demonstrated remorse for his crime. Therefore, because both the factors relied upon by the district court and the sentence imposed in this case are virtually identical to those in *Husein*, the same outcome is dictated here.

**AFFIRMED**.